# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
## 5:04cv17-02-V
## (5:99cr11-3-V)

| | |
|---|---|
| **ROBERT EARL HAIRSTON,** )<br>   Petitioner, )<br> )<br>   v. )<br> )<br> **UNITED STATES OF AMERICA,** )<br>   Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before this Court on Petitioner's uncaptioned post-judgment motion (Doc. No. 4) and his Motion to File a Supplemental Pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. (Doc. No. 5).

Pertinent here, the record reflects that on July 10, 2001, Petitioner and others were charged in a Superceding Bill of Indictment with conspiring to possess with intent to distribute in excess of five kilograms of cocaine powder, in excess of 50 grams of cocaine base and an unspecified amount of marijuana, in violation of 21 U.S.C. §§841(a)(1) and 846.  (Criminal Case No. 5:99cr11-4, Doc. No. 301).  Such Indictment further noted that Petitioner had committed that offense after having previously been convicted of a drug trafficking offense. (Id.). On July 23, 2001, the Government filed a Notice, advising of its intent to seek enhanced penalties for Petitioner pursuant to 21 U.S.C. §851, and thereby exposing him to a maximum term of life imprisonment.  (Id., Doc. No. 303).

On February 15, 2002, Petitioner entered into a Written Plea Agreement with the Government whereby he agreed to plead guilty to the conspiracy charge as set forth in the Superceding Bill of Indictment.  (Id., Doc. No. 334).  The parties' Plea Agreement further

provided, inter alia, that Petitioner was waiving his right to directly appeal his sentence or conviction, and his right to file a collateral challenge-–such as the instant one-–on any ground except prosecutorial misconduct or ineffective assistance of counsel. (Id.). Similarly, the Agreement provided that Petitioner was waiving his right to challenge his Indictment under the holdings in either Jones v. United States, 526 U.S. 227 (1999); Richardson v. United States, 526 U.S. 813 (1999); or Apprendi v. New Jersey, 530 U.S. 466 (2000). (Id.).

On April 19, 2002, Petitioner appeared before the Court to tender his guilty plea. On that occasion, the Court engaged Petitioner in its standard, lengthy colloquy to ensure that his plea was being intelligently and voluntarily tendered. (Id., Doc. No. 342). Based upon Petitioner's sworn declarations in response to the Court's questions, the Court accepted his guilty plea. (Id.).

On February 20, 2003, the Court held its Factual Basis & Sentencing Hearing. During the proceeding, the Government withdrew its § 851 Notice, indicating that it had been determined that the conviction referenced in that Notice did not belong to Petitioner. (Transcript of Sentencing Hearing, filed November 12, 2010, at 6). After entertaining the parties' comments, the Court adopted the calculations contained in Petitioner's Pre-Sentence Report. (Id.). Ultimately, the Court sentenced Petitioner to a term of 324 months imprisonment. (Id. at 10). Petitioner did not file a direct appeal in his case. Rather, on February 19, 2004, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, arguing that his Fifth and Sixth Amendment rights were violated when the Court used statements which allegedly were coerced from Petitioner's co-conspirators in order to support its finding that he had held a supervisory role in the offense; that the Government withheld favorable information concerning his innocence in violation of his Fifth Amendment rights; and that his counsel was ineffective for failing to object to the role enhancement which he received, and failing to request an evidentiary

hearing to allow Petitioner to demonstrate his innocence. (Doc. No. 1 at 2-4). However, on March 30, 2004, the Court entered an Order finding that Petitioner's challenges to his role enhancement and to the Government's alleged misconduct were barred by his unexcused procedural default of those claims. (Doc. No. 2 at 4-6). The Court further found that Petitioner's claim alleging ineffective assistance of counsel was conclusory and, in any event, that he had failed to allege facts to show either deficient performance or prejudicial result as was required. (Id. at 6-9). Therefore, the Court dismissed Petitioner's Motion to Vacate. (Id. at 9). The Court's Judgment was entered on April 30, 2004. (Doc. No. 3).

Nearly three months later, on July 19, 2004, Petitioner filed an uncaptioned motion in which he sets forth additional arguments regarding the alleged ineffectiveness of his former attorney. (Doc. No. 4 at 2). Such document also asks the Court to vacate Petitioner's sentence and to re-sentence him "to the low end of the guide lines." (Id.).

Typically, a post-judgment motion filed more than 10 days after the court's entry of a final Judgment dismissing a motion to vacate should be construed as a motion for reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure, so long as the motion is seeking the type of relief available under Rule 60(b). United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (a proper Rule 60(b) motion is one in which the petitioner is "seeking a remedy for some defect in the collateral review process . . ."). However, when that motion contains either new or revised arguments, thereby continuing the petitioner's attack on his conviction and/or sentence, the motion is actually an unauthorized, successive collateral attack which must be dismissed. Id. ("[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.").

In the instant case, Petitioner's uncaptioned document clearly is intended to continue his collateral challenge to his sentence. Indeed, the document sets forth typical <u>habeas</u> type arguments against counsel, and it asks the Court to re-sentence Petitioner to a lower term of imprisonment. (Doc. No. 4 at 2). Consequently, this document is an unauthorized, successive motion to vacate which the Court must dismiss.

As to his other document -- the Motion to File a Supplemental Pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, filed July 18, 2005 -- Petitioner there asks the Court to both "hold the current case in abeyance pending the decision in the current cases that are now pending the outcome of the State of both Virginia, and North Carolina," and to grant him "permission to supplement for this case, in order to toll this issue." (Doc. No. 5 at 1-2).

Rule 15(d) of the Federal Rules of Civil Procedure permits a party to obtain leave of court to supplement his pleadings to "set[] forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Rule 15(d), Fed. R. Civ. P. (2004). In the instant case, Petitioner is seeking permission to supplement his Motion to Vacate with information about matters which had not yet occurred. That is, Petitioner asks to supplement his Motion to Vacate with information about the outcome of certain State court proceedings wherein he was challenging his convictions; however, those proceedings still were ongoing at the time he filed his Motion to Supplement. (<u>Id.</u> at 1). Furthermore, since the time that he filed the Motion to Supplement, Petitioner has never returned to this Court and asserted or otherwise demonstrated that his State convictions were, in fact, set aside. Thus, inasmuch as the evidence before this Court fails to establish that the subject convictions ever were set aside, Petitioner's Motion to Supplement must be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that**:**

1. Petitioner's uncaptioned document, construed as a motion for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. No. 4), is **DISMISSED**;

2. Petitioner's Motion to Supplement (Doc. No 5) is **DENIED;** and

3. The Court has reviewed this matter in accordance with Rule 11(a) of the Rules Governing Section 2255 Proceedings, and declines to issue a certificate of appealability because Petitioner has failed to show, at a minimum, that the instant procedural ruling is debatable. 28 U.S.C. § 2253(c)(2). <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when a court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right); <u>Miller-El v Cockrell</u>, 537 U.S. 322, 336-38 (2003).

Signed: March 4, 2011

Richard L. Voorhees
United States District Judge