IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:04cv17-02-V
(5:99cr11-3-V)

| | |
|---|---|
| ROBERT EARL HAIRSTON,<br>    Petitioner, | )<br>)<br>) |
| v. | )    **O R D E R** |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>)<br>) |

**THIS MATTER** is before this Court on Petitioner's post-judgment Motion pursuant to Rule 60(b)(4) to Reinstate his Motion to Vacate (Doc. No. 6); and his Motions pursuant to Rule 15(c) to Supplement his Motion to Vacate (Doc. Nos. 9 and 10).

As was noted in the Court's Order of March 7, 2011 (Doc. No. 8), on July 10, 2001, Petitioner and several other persons were charged in a Superceding Bill of Indictment with conspiring to possess with intent to distribute in excess of five kilograms of cocaine powder in excess of 50 grams of cocaine base and an unspecified amount of marijuana, in violation of 21 U.S.C. §§841(a)(1) and 846. (Criminal Case No. 5:99cr11-4, Doc. No. 301). Such Indictment further noted that Petitioner had committed that offense after having previously been convicted of a drug trafficking offense. (Id.). On July 23, 2001, the Government filed a Notice, advising of its plan to seek enhanced penalties for Petitioner pursuant to 21 U.S.C. §851, thereby exposing him to a maximum term of life imprisonment. (Id., Doc. No. 303).

On February 15, 2002, Petitioner entered into a Written Plea Agreement with the Government whereby he agreed to plead guilty to the conspiracy charge as set forth in the Superceding Bill of Indictment. (Id., Doc. No. 334). The parties' Plea Agreement further

provided, inter alia, that Petitioner was waiving his right to directly appeal his sentence or conviction, and his right to file a collateral challenge on any grounds except prosecutorial misconduct or ineffective assistance of counsel. (Id.). Similarly, the Agreement provided that Petitioner was waiving his right to challenge his Indictment under the holdings in either Jones v. United States, 526 U.S. 227 (1999); Richardson v. United States, 526 U.S. 813 (1999); or Apprendi v. New Jersey, 530 U.S. 466 (2000). (Id.).

On April 19, 2002, Petitioner appeared before the Court to tender his guilty plea. On that occasion, the Court engaged Petitioner in its standard, lengthy colloquy to ensure that his plea was being intelligently and voluntarily tendered. (Id., Doc. No. 342). Based upon Petitioner's sworn declarations in response to the Court's questions, the Court accepted his guilty plea. (Id.).

On February 20, 2003, the Court held a Factual Basis & Sentencing Hearing. During that proceeding, the Government withdrew its § 851 Notice, indicating that it had been determined that the conviction referenced in that Notice did not belong to Petitioner. (Transcript of Sentencing Hearing, filed November 12, 2010, at 6). After addressing Petitioner's Objection and entertaining the parties' remarks, the Court adopted the calculations contained in Petitioner's Pre-Sentence Report. (Id.). Ultimately, the Court sentenced Petitioner to a term of 324 months imprisonment. (Id. at 10).

Petitioner did not file a direct appeal in his case. Rather, on February 19, 2004, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, arguing that his Fifth and Sixth Amendment rights were violated when the Court used statements which allegedly were coerced from Petitioner's co-conspirators in order to support its finding that he had held a supervisory role in the offense; that the Government withheld favorable information concerning his innocence in violation of his Fifth Amendment rights; and that his counsel was ineffective for

failing to object to the role enhancement that he received and failing to request an evidentiary hearing to allow Petitioner to demonstrate his innocence. (Doc. No. 1 at 2-4). However, on March 30, 2004, the Court entered an Order finding that Petitioner's challenges to his role enhancement and to the Government's alleged misconduct were barred by his unexcused procedural default of those claims. (Doc. No. 2 at 4-6). The Court further found that Petitioner's claim alleging ineffective assistance of counsel was conclusory and, in any event, that he had failed to allege facts to show either deficient performance or prejudicial result as was required. (Id. at 6-9). Therefore, the Court dismissed Petitioner's Motion to Vacate. (Id. at 9). The Court's Judgment was entered on April 30, 2004. (Doc. No. 3).

Nearly three months later, on July 19, 2004, Petitioner filed an uncaptioned motion in which he set forth additional arguments regarding the alleged ineffectiveness of his former attorney. (Doc. No. 4 at 2). Such document asked the Court to vacate Petitioner's sentence and to re-sentence him "to the low end of the guide lines." (Id.). However, the Court determined that Petitioner's Motion was merely an attempt to continue his pursuit of collateral relief by setting forth new claims. (Doc. No. 8). Therefore, the Court dismissed the Motion as an unauthorized successive petition. (Id.). The Court's Order also dismissed Petitioner's Motion for Leave to Supplement (Doc. No. 5) and declined to issue a certificate of appealability. (Doc. No. 8).

On July 17, 2009, Petitioner filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(2) based upon the crack cocaine amendments to the U.S. Sentencing Guidelines. (Criminal Case No. 5:99cr11, Doc. No. 445). On May 24, 2011, the Court entered an Order granting that Motion and reducing Petitioner's sentence down from 324 months to 262 months' imprisonment. (Id., Doc. No. 478).

By the instant Rule 60(b) Motion, Petitioner attacks the Judgment that corresponds to the Court's Order dismissing his Motion to Vacate (Doc. No. 8). In particular, Petitioner argues that the Judgment is void because the Court erroneously stated that his Plea Agreement contained a concession from the Government not to seek an enhanced sentence under 21 U.S.C. § 851 when there was no such concession; the Order also erroneously stated that at sentencing, the Court made a finding concerning an Objection that he filed to his Pre-Sentence Report before sentencing when no finding was made; and the Order erroneously identified the sentencing range for which Petitioner argued by his Objection. (Doc. No. 6 at 6- 12). As is quite apparent from the foregoing recitation, however, the matters with which Petitioner takes issue simply do not rise to the level of demonstrating that the Court's Judgment is void.

Federal Rule of Civil Procedure 60(b)(4) authorizes a court to relieve a party from a final judgment if "the judgment is void." "A void judgment is a legal nullity. . . . [it is] one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final" United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010). As the Supreme Court noted, "[t]he list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." Id. Thus, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. Significantly, "[a] judgment is not void [] simply because it is or may have been erroneous." Id.

Here, Petitioner complains that the Judgment corresponding to the Court's Order dismissing his Motion to Vacate is void because it erroneously reported that the parties' Plea Agreement contained a promise from the Government not to seek an enhancement under 21

4

U.S.C. § 851. Even assuming that the Court erred in noting that particular detail in its factual recitation, such error is immaterial inasmuch as the Court did not rely upon that information in reaching its decision to deny Petitioner's Motion to Vacate. Indeed, the subject information did not relate to any of Petitioner's claims. Equally critically, the record reflects that the Government, in fact, withdrew its § 851 Notice at sentencing and did not seek an enhanced sentence for Petitioner. (Doc. No. 6-3 at 5-6, Sentencing Transcript). Thus, the Court's unrelated factual misstatement could not possibly render its Judgment void.

Petitioner also contends that the Judgment is void because the Court stated elsewhere in its factual recitation that it had made a factual finding concerning Petitioner's objections to his Pre-Sentence Report when no such factual finding was made. However, this argument is factually and legally baseless. The record reflects that Petitioner filed a written Objection challenging two prior driving-related convictions as listed in paragraphs 43 and 44 of his Pre-Sentence Report. (Criminal Case No. 5:99cr11, Doc. No. 351). However, at sentencing when the Court asked defense counsel to identify "exactly which of the convictions" he was challenging, counsel directed the Court's attention to the conviction identified in paragraph 43. (Doc. No. 6-3 at 5, Sentencing Transcript). Then, in response to defense counsel's candid admission that he had no evidence to support his challenge to the conviction and, on the contrary, had found evidence to contradict said challenge, the Court ruled that in the absence of any evidence to refute the information in the Pre-Sentence Report, it was subject to inclusion in the Court's sentencing calculations. (Id.). Notably, counsel did not mention his objection to paragraph 44 during his exchange with the Court; nor did he seek an express ruling on his objection to paragraph 44. Consequently, the record reflects that counsel abandoned his objection to paragraph 44, and that the Court did, in fact, rule on the only outstanding objection

5

with which it was confronted.

Moreover, even if it cannot reasonably be concluded that counsel abandoned his objection to paragraph 44, the Court subsequently "adopt[ed] the presentence report for all purposes of sentencing, finding that it accurately calculat[ed] his guidelines . . . ." (Id. at 6). Therefore, because the Court did not err in stating that it made a factual finding in connection with Petitioner's Objection, his Judgment cannot possibly be void on this basis.

In addition, Petitioner complains that the Judgment is void because the Order of dismissal erroneously stated that he sought a sentence within the range of 292 to 324 months. Notwithstanding Petitioner's claim to the contrary, however, the record reflects that Petitioner's Objection did, in fact, argue for a sentence within the range of 292 to 324 months. (Criminal Case No. 5:99cr11, Doc. No. 351 at 1). Once again, because the Court did not err in stating that Petitioner's initial 324-month sentence fell within the 292 to 324 month range for which counsel had advocated, there is no cause to void the Judgment on this ground.

In sum, Petitioner has failed to demonstrate any ground for setting aside the Court's prior conclusions that his challenges to his role enhancement and to the Government's alleged misconduct were barred by his unexcused procedural default of those matters; and that his allegations of ineffective assistance of counsel were conclusory and otherwise failed to show either deficient performance or prejudicial result. Furthermore, Petitioner has failed to show that the Court's Judgment either is premised on some jurisdictional defect or deprived him of notice or an opportunity to be heard. Therefore, Petitioner's Motion under Rule 60(b)(4) (Doc. No. 6) must be denied.

By his Motions to Supplement his Motion to Vacate, Petitioner seeks to add clams that counsel was ineffective for failing to argue that the Government based its request for a role

enhancement on information that it obtained from Petitioner in violation of the parties' Plea Agreement, and for failing to object to the Court's reliance upon his conviction in paragraph 44 in its sentencing calculations. (Doc. Nos. 9 and 10). Nevertheless, the Court has concluded that its Judgment is not void and that Petitioner is not entitled to have his Motion to Vacate reinstated. Therefore, Plaintiff's Motions to Supplement -- which, in any event, are seeking to raise matters that would be time-barred because they were not filed within the applicable one-year period and do not relate back to his timely filed claims -- must be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that**:**

1. Petitioner's Motion pursuant to Rule 60(b)(4) to Reinstate his Motion to Vacate (Doc. No. 6) is **DENIED**; and

2. Petitioner's Motions pursuant to Rule 15(c) to Supplement his Motion to Vacate (Doc. Nos. 9 and 10) are **DENIED**.

Signed: September 28, 2011

Richard L. Voorhees
United States District Judge